UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAIRO PINA-RODRIQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2-13-cv-124 |
| | § | |
| HEMPHILL COUNTY SHERIFF MORSE | § | |
| BURROUGHS, CHIEF DEPUTY JAMES | § | |
| PEARSON, DEPUTY JOSE A. RAMOS, | § | |
| AND HEMPHILL COUNTY JUDGE | § | |
| GEORGE BRIANT, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATUS REPORT**

TO THE HONORABLE COURT:

Defendants submit the following Response to Plaintiff's Status Report:

**I.      Date of Plaintiff's deposition is February 17, 2014**

Contrary to Plaintiff's assertion in his Status Report, the scheduling of Plaintiff's deposition was discussed with Plaintiff's counsel in a phone call on the afternoon of January 13, 2014. *See* Ex. A. (Dec. of Lee Ann Reno); Ex. B. (Dec. of Alex Yarbrough). Specifically, Defendants informed Plaintiff's counsel in that phone call that they were noticing Plaintiff's deposition for February 17, 2014. *Id.* Moreover, Defendants' correspondence to Plaintiff's counsel specifically mentioned that Defendants were noticing Plaintiff's deposition for February 17, 2014. *See* Ex. C. (Letter to Plaintiff's Counsel dated January 13, 2014).[1] Finally, "Defendants' Notice of Intent to Take Oral Deposition of Jairo Pina-Rodriquez" specifically sets forth February 17, 2014 as the date of Plaintiff's deposition. *See* Ex. D. (Defendants' Notice of

---

[1] This letter was emailed and sent via certified mail, return receipt requested. The email was successfully delivered; however, Defendants' counsel has not received a receipt that it was read by Plaintiff's counsel. *See* Plaintiff's Status Report, ¶ 9. The green card has not yet returned.

Intent to Take Oral Deposition of Jairo Pina-Rodriquez).[2]

Plaintiff's counsel's assertion that Plaintiff's deposition is scheduled for February 6, 2014[3] is unfounded. *See* Plaintiff's Status Report, ¶ 9. Defendants never discussed February 6, 2014 as a deposition date, and none of the correspondence Defendants delivered to Plaintiff discusses February 6, 2014 as a deposition date.

## II.     An I-918 Form was not Discussed

Contrary to Plaintiff's assertion in his Status Report, it was not discussed that the "United States Customs and Immigration Service (USCIS)"[4] would need to approve an I-918 Form and I-918 supplement before Jairo Pina-Rodriquez could be returned to the United States. *See* Ex. A. (Dec. of Lee Ann Reno); Ex. B. (Dec. of Alex Yarbrough).

According to the Department of Homeland Security – U.S. Citizenship and Immigration Services instructions for Form I-918, the purpose of the I-918 Form is to request temporary immigration benefits if someone is a victim of certain qualifying criminal activity. *See* Ex. E. (Instructions for Form I-918, p. 1). Qualifying criminal activity includes, but is not limited to, rape, torture, trafficking, incest, domestic violence, sexual assault, abusive sexual contact, prostitution, sexual exploitation, and female genital mutilation. *Id.* A civil lawsuit involving a 42 U.S.C. § 1983 complaint is not a qualifying criminal activity.

The parties did discuss that Plaintiff would need to return to the United States in order to attend his deposition and mediation. Additionally, the parties did discuss that it may be difficult for Plaintiff to return to the United States. However, a specific form, including but not limited to

---

[2] This "Notice" was emailed and sent via certified mail, return receipt requested. The email was successfully delivered; however, Defendants' counsel has not received a receipt that it was read by Plaintiff's counsel. *See* Plaintiff's Status Report, ¶ 9. The green card has not yet returned.

[3] Plaintiff also alleges that *February 6, 2024* conflicts with his schedule, but Defendants assume this is nothing more than a typographical error.

[4] USCIS is an acronym for "U.S. Citizenship and Immigration Services" not "United States Customs and Immigration Service."

the I-918 Form, was never discussed. *See* Ex. A. (Dec. of Lee Ann Reno); Ex. B. (Dec. of Alex Yarbrough).

### III. The Mediator, Tad Fowler, was Discussed

Contrary to Plaintiff's assertion in his Status Report, Tad Fowler, the proposed mediator, was discussed with Plaintiff's counsel on January 13, 2014. *See* Ex. A. (Dec. of Lee Ann Reno); Ex. B. (Dec. of Alex Yarbrough). Plaintiff's counsel made no objection to Tad Fowler over the phone. *Id.* If Plaintiff requested his staff to request Defendants' counsel to withdraw the name of the mediator, Tad Fowler, such request was never relayed to Defendants. *Id.*

Respectfully submitted,

Sprouse Shrader Smith P.C.

Lee Ann Reno, Texas SBN 00791509
Alex Yarbrough, Texas SBN 24079615
701 S. Taylor, Suite 500
Post Office Box 15008
Amarillo, Texas 79105-5008
Telephone: (806) 468-3300
Facsimile: (806) 373-3454

/s/ *Lee Ann Reno*
   Lee Ann Reno

**Attorneys for Defendants**
HEMPHILL COUNTY SHERIFF MORSE
BURROUGHS, CHIEF DEPUTY JAMES
PEARSON, DEPUTY JOSE A. RAMOS,
AND HEMPHILL COUNTY JUDGE GEORGE BRIANT

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 16, 2014</u>, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**ATTORNEYS FOR PLAINTIFF:**

Steve Hall
120 W. Kingsmill Ave., Ste 506
Pampa, Texas 79065

                                                                   */s/ Lee Ann Reno*
                                                                   Lee Ann Reno

6009.13
767989_1.DOCX

# EXHIBIT A

Case 2:13-cv-00124-J   Document 18   Filed 01/16/14   Page 5 of 19   PageID 165

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAIRO PINA-RODRIQUEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § No. 2-13-cv-124 |
| | § |
| HEMPHILL COUNTY SHERIFF MORSE BURROUGHS, CHIEF DEPUTY JAMES PEARSON, DEPUTY JOSE A. RAMOS, AND HEMPHILL COUNTY JUDGE GEORGE BRIANT, | § § § § § |
| | § |
| Defendants. | § |

## DECLARATION OF LEE ANN RENO PURSUANT TO 28 U.S.C. § 1746

Now comes Lee Ann Reno, and states the following pursuant to 28 U.S.C. § 1746:

My name is Lee Ann Reno. I have personal knowledge of the facts stated herein. The facts stated herein are true and correct.

1. I am one of the attorneys representing Defendants Hemphill County Sheriff Morse Burroughs, Chief Deputy James Pearson, Deputy Jose A. Ramos, and Hemphill County Judge George Briant in the above-referenced lawsuit.

2. On January 13, 2014, at 3:11 p.m. Alex Yarbrough and I discussed the "Joint Settlement Conference Report" with Plaintiff's counsel via telephone. The phone conference lasted 11 minutes.

3. During the phone conference on January 13, 2014, I discussed with Plaintiff's counsel the scheduling of Plaintiff's deposition. I specifically discussed February 17, 2014 as the date Defendants were noticing Plaintiff's deposition. I told Plaintiff's counsel I would be sending him a letter and a Notice of Deposition later that afternoon.

4. On January 13, 2014, I did not discuss with Plaintiff's counsel an I-918 Form. Plaintiff's counsel did inform me that it may be difficult for Plaintiff to return to the United States after I indicated to him that my brief research revealed that his client could complete an application for admission to the Secretary of the Department of Homeland Security. However, no specific "form" was discussed.

5. On January 13, 2014, I discussed with Plaintiff's counsel, the proposed mediator, Tad Fowler. Plaintiff's counsel made no objection to Tad Fowler over the phone. Other than Plaintiff's statement in his "Status Report," (ECF Doc. 17) I have never been informed of Plaintiff's objection to Tad Fowler as a mediator.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 16, 2014.

_____
Lee Ann Reno

6009.13
768011_1.docx

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAIRO PINA-RODRIQUEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2-13-cv-124 |
| HEMPHILL COUNTY SHERIFF MORSE BURROUGHS, CHIEF DEPUTY JAMES PEARSON, DEPUTY JOSE A. RAMOS, AND HEMPHILL COUNTY JUDGE GEORGE BRIANT, | § § § § § § § | |
| Defendants. | § | |

## **DECLARATION OF ALEX YARBROUGH PURSUANT TO 28 U.S.C. § 1746**

Now comes Alex Yarbrough, and states the following pursuant to 28 U.S.C. § 1746:

My name is Alex Yarbrough. I have personal knowledge of the facts stated herein. The facts stated herein are true and correct.

1. I am one of the attorneys representing Defendants Hemphill County Sheriff Morse Burroughs, Chief Deputy James Pearson, Deputy Jose A. Ramos, and Hemphill County Judge George Briant in the above-referenced lawsuit.

2. On January 13, 2014, Lee Ann Reno and I discussed the "Joint Settlement Conference Report" with Plaintiff's counsel via telephone. The phone conference lasted 11 minutes.

3. During the phone conference on January 13, 2014, Lee Ann Reno discussed with Plaintiff's counsel the scheduling of Plaintiff's deposition. She specifically discussed February 17, 2014 as the date Defendants were noticing Plaintiff's deposition.

4. On January 13, 2014, I did not discuss with Plaintiff's counsel an I-918 Form.

1

Plaintiff's counsel did inform me that it may be difficult for Plaintiff to return to the United States.

5. On January 13, 2014, Lee Ann Reno discussed with Plaintiff's counsel, the proposed mediator, Tad Fowler. Plaintiff's counsel made no objection to Tad Fowler over the phone. Other than Plaintiff's statement in his "Status Report," (ECF Doc. 17) I have never been informed of Plaintiff's objection to Tad Fowler as a mediator.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 16, 2014.

/s/ Alex Yarbrough
Alex Yarbrough

6009.13
768016_1.docx

# EXHIBIT C

Case 2:13-cv-00124-J   Document 18   Filed 01/16/14   Page 11 of 19   PageID 171



**SPROUSE SHRADER SMITH P.C.**
ATTORNEYS AT LAW

LEE ANN RENO
(806) 468-3315

January 13, 2014

Via Email and
Certified Mail, Return Receipt Requested

Steve Hall
120 W. Kingsmill Ave., Ste 506
Pampa, Texas 79065

   Re: No. 12-13-cv-124; *Jairo Pina-Rodriquez vs. Hemphill County Sherif Morse Burroughs, Chief Deputy James Pearson, Deputy Jose A. Ramos, and Hemphill County Judge George Briant;* In the United States District Court, Northern District of Texas, Amarillo Division

Dear Steve:

  With respect to your client's responses to Defendants' First Set of Interrogatories, both the original responses and the supplemental responses, can you please provide a <u>verification</u> of these interrogatory responses signed by your client, Mr. Jairo Pina-Rodriquez, at your very earliest convenience?

  Additionally, we would like to depose your client prior to offering any of the Defendants for their depositions. After reading some cases, it is my understanding that your client may apply to the Secretary of the Department of Homeland Security for written consent to grant Mr. Pina-Rodriquez permission to reapply for admission to the United States. We would respectfully request that your client do so and that we be provided a copy of such application. We have enclosed a Notice for your client's deposition for February 17, 2014, in case this is needed with respect to the above-mentioned application.

  In order to attempt to accommodate your client, I have contacted mediator Tad Fowler in Amarillo. He is currently available to mediate this case on Tuesday, February 18, 2014. As I am certain you are aware, Judge Robinson's Rule 16 Scheduling Order requires that your client attend the mediation of this case <u>in person</u>. Based on the dates in the Rule 16 Scheduling Order, I anticipate that the Judge will order this case to mediation sometime in February or early March. Thus, I would hope that we could accomplish both your client's deposition and the mediation of this case in a single two-day period.

Steve Hall
January 13, 2014
Page 2

Please get back with me at your earliest convenience, so that we may move this case forward.

Sincerely,

*Lee Ann Reno*
Lee Ann Reno

LAR:nr
cc:   Clients
      steve@snhlaw.com

767487.1 6009.13

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAIRO PINA-RODRIQUEZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 2-13-cv-124 |
| | § | |
| HEMPHILL COUNTY SHERIFF MORSE BURROUGHS, CHIEF DEPUTY JAMES PEARSON, DEPUTY JOSE A. RAMOS, AND HEMPHILL COUNTY JUDGE GEORGE BRIANT, | § § § § § § | |
| DEFENDANTS. | § | |

**DEFENDANTS' NOTICE OF INTENT TO TAKE
ORAL DEPOSITION OF JAIRO PINA-RODRIQUEZ**

To:   Plaintiff, JAIRO PINA-RODRIQUEZ, by and through his attorney of record, Steve Hall, 120 W. Kingsmill Ave., Ste 506, Pampa, Texas 79065.

Please take notice that the deposition of JAIRO PINA-RODRIQUEZ will be taken by oral examination at the offices of Sprouse Shrader Smith P.C., 701 S. Taylor, Suite 500, Amarillo, Texas 79101, on **Monday, February 17, 2014**, beginning at 10:00 a.m., and continuing day to day until completed as provided in Fed. R. Civ. P. 30. The deposition will be taken before a certified shorthand reporter and will be recorded stenographically. The deposition may be videotaped.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.

LEE ANN RENO, TEXAS SBN 00791509
ALEX YARBROUGH, TEXAS SBN 24079615
701 S. TAYLOR, SUITE 500
POST OFFICE BOX 15008
AMARILLO, TEXAS 79105-5008
TELEPHONE: (806) 468-3300
FACSIMILE: (806) 373-3454

*/s/ Lee Ann Reno*
Lee Ann Reno

**ATTORNEYS FOR DEFENDANTS**
HEMPHILL COUNTY SHERIFF MORSE
BURROUGHS, CHIEF DEPUTY JAMES
PEARSON, DEPUTY JOSE A. RAMOS,
AND HEMPHILL COUNTY JUDGE
GEORGE BRIANT

6009.13
767503.1

## CERTIFICATE OF SERVICE

On January 13, 2014, a true and correct copy of the above and foregoing was served as follows:

**ATTORNEYS FOR PLAINTIFF:**

Steve Hall  Certified Mail, RRR and E-mail
120 W. Kingsmill Ave., Ste 506
Pampa, Texas 79065
steve@snhlaw.com

_____
Lee Ann Reno

# EXHIBIT E

Case 2:13-cv-00124-J   Document 18   Filed 01/16/14   Page 18 of 19   PageID 178

OMB No. 1615-0104; Expires 01/31/2016

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Instructions for Form I-918,
Petition for U Nonimmigrant Status**

## Instructions

Please read these instructions carefully to properly complete this form. If you need more space to complete an answer, use a separate sheet(s) of paper. Write your name and Alien Registration Number (A-Number), if any, at the top of each sheet of paper and indicate the part and number of the item to which the answer refers.

### What Is the Purpose of This Form?

You should use Form I-918 to request temporary immigration benefits if you are a victim of certain qualifying criminal activity. If you received interim relief prior to publication of regulations regarding these benefits, you should use Form I-918.

### Who May File This Form I-918?

Form I-918 should be filed by you, the victim, and may include qualifying family members. It can also be used at a later date to file for qualifying family members not included on the original petition.

1. **Principal Petitioner.** You must demonstrate all of the following:

   A. You are a victim of criminal activity designated in section 101(a)(15)(U) of the Immigration and Nationality Act (the Act). Such activity is defined as being the victim of one or more of the following or any similar activity in violation of Federal, State or local criminal law:

   1. Rape;
   2. Torture;
   3. Trafficking;
   4. Incest;
   5. Domestic violence;
   6. Sexual assault;
   7. Abusive sexual contact;
   8. Prostitution;
   9. Sexual exploitation;
   10. Female genital mutilation;
   11. Being held hostage;
   12. Peonage;
   13. Involuntary servitude;
   14. Slave trade;
   15. Kidnapping;
   16. Abduction;
   17. Unlawful criminal restraint;
   18. False imprisonment;
   19. Blackmail;
   20. Extortion;
   21. Manslaughter;
   22. Murder;
   23. Felonious assault;
   24. Witness tampering;
   25. Obstruction of justice;
   26. Perjury; or
   27. Attempt, conspiracy or solicitation to commit any of the above.

   B. You have suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity;

   C. You possess information concerning the qualifying criminal activity of which you were a victim;

   D. A Federal, State or local government official investigating or prosecuting a qualifying criminal activity certifies (using **Supplement B** of this petition) that you have been, you are being or you are likely to be helpful to the official in the investigation or prosecution of the criminal act of which you are a victim; and

   E. The criminal activity of which you are a victim violated the laws of the United States or occurred in the United States (including Indian country and military installations) or the territories and possessions of the United States.